UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CLOUTIER, #671637,

Petitioner,

v. CASE NO. 2:10-CV-10028
HONORABLE PAUL D. BORMAN

LLOYD RAPELJE,

Respondent.
_________________________________/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. Introduction

This is a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Aaron Cloutier ("Petitioner") was convicted of assault with intent to murder, MICH. COMP. LAWS § 750.83, two counts of felonious assault, MICH. COMP. LAWS § 750.82, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, three counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, and operating a motor vehicle with a suspended license, MICH. COMP. LAWS § 257.904, following a jury trial in the Kalkaska County Circuit Court. He was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to 13 to 40 years in prison on the assault with intent to murder conviction, concurrent terms of 2½ to 6 years in prison on the felonious assault convictions, 3 to 7½ years in prison on the felon in possession conviction, concurrent terms of 2 years in prison on the felony firearm convictions (to be served consecutively to the other sentences), and 12 months in jail on the motor vehicle

conviction.

In his pleadings, Petitioner raises claims concerning the denial of a directed verdict motion, the sufficiency of the evidence, and double jeopardy. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. **Facts and Procedural History**

Petitioner's convictions arise from his assault upon two Michigan State Police Troopers during an investigation at his motor home in Kalkaska, Michigan on November 20, 2006. The Michigan Court of Appeals provided a brief summary of the facts, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> All of the charges and convictions in this case arise from a confrontation between defendant and two police officers. Michigan State Police officers Rick Sekely and Shawn Wise visited defendant at his motor home during the course of an investigation and discovered that defendant had been driving on a suspended or revoked license, which defendant admitted. After informing defendant that he was being placed under arrest, defendant reached under his seat cushion and retrieved a gun. As defendant began to raise the gun, Officer Sekely grabbed defendant's hands, struck defendant in the head with a flashlight, and eventually disarmed defendant after a struggle.

*People v. Cloutier*, No. 283059, 2009 WL 1397147, *1 (Mich. Ct. App. May 19, 2009) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (1) the trial court erred in denying his directed verdict motion on the assault with intent to murder charge; (2) the prosecution presented insufficient evidence to support that conviction; and (3) his convictions for assault with intent to murder and

felonious assault violated his right to be free from double jeopardy. The court denied relief on those claims and affirmed Petitioner's convictions. *Id* at *2-3. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Cloutier*, 485 Mich. 971, 774 N.W.2d 694 (2009).

Petitioner thereafter instituted this federal habeas action raising the same claims presented to the state courts on direct appeal of his convictions. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed this petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)

(per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must

show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _U.S._, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and

convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV. Analysis

### A. Directed Verdict/Insufficient Evidence Claims

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion for a directed verdict on the charge of assault with intent to murder Trooper Sekely where there was no evidence that he pointed the gun at Trooper Sekely, pulled or attempted to pull the trigger, or had his finger on the trigger. Petitioner relatedly asserts that the prosecution presented insufficient evidence of intent to kill to support his conviction for assault with intent to murder Trooper Sekely.

To the extent that Petitioner relies upon state law to assert that he was entitled to a directed verdict on the assault with intent to murder charge, he fails to state a claim for habeas relief. It is well-settled that habeas relief may not be granted for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Shacks v. Tessmer*, No. 00-1062, 2001 WL 523533, at *6 (6th Cir. May 8, 2001) (unpublished) (finding no merit in petitioner's claim that the trial court erred in denying his motion for directed verdict of acquittal on first-degree murder charge based upon alleged state law violations). Habeas relief is not warranted on any such state law claim

Petitioner, however, relatedly asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his assault with intent to murder conviction. The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re*

*Winship*, 397 U.S. 358, 364 (1970). The standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, the elements of assault with intent to murder are "(1) an assault, (2) with an actual intent to kill, (3) which if successful, would make the killing murder." *Warren v. Smith*, 161 F.3d 358, 361 (6th Cir. 1998) (citing *People v. Plummer*, 229 Mich. App. 293, 305, 581 N.W.2d 753, 759 (1998)); *People v. Brown*, 267 Mich. App. 141, 147-48, 703 N.W.2d 230 (2005); MICH. COMP. LAWS § 750.83. Direct or circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including a defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997). The use of a lethal weapon supports an inference of an intent to kill. *People v. Turner*, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975).

Applying the *Jackson* standard, the Michigan Court of Appeals denied relief on these claims, explaining in relevant part:

Officer Sekely testified that during the conversation he and his partner had with defendant, defendant said in a very firm manner, "I'm not going to jail." Soon thereafter, defendant said "get out; I'm not going to jail; get out." Officer Sekely then told defendant he was under arrest and asked him to stand and put his hands behind his back. Officer Sekely continued:

> [A]t which point he said okay, he partially stood up-he's sitting on the bench seat, partially stood up, lifted the cushion up that he was sitting on, and reached down and grabbed a black-in-color handgun that I could see obviously from where I was standing, started to pull it out and bring it towards myself and Trooper Wise.

As soon as Officer Sekely saw the gun, he took one step toward defendant, grabbed defendant's hands, and a struggle ensued. Officer Sekely testified that at some point, defendant's hands were up against the wall with the gun, allowing the officer to reach over and hit defendant on the head with a flashlight three times. When defendant released his grip on the gun, Officer Sekely was able to get it away from him. Approximately a minute passed from the time Officer Sekely told defendant he was under arrest until the time he was handcuffed. Officer Sekely testified that after defendant was handcuffed, he made some unsolicited statements about how he knew he had screwed up and just did not want to go to jail.

Officer Wise testified that once the commotion started between Officer Sekely and defendant, he pulled his gun out and stuck it in defendant's chest. Officer Wise said that he "was getting ready to pull the trigger" when Officer Sekely informed him that he had recovered the gun from defendant. Defendant then said, "you got me," and Officer Sekely handcuffed him.

After defendant's arrest, the officers discovered that the 32-caliber handgun involved in the incident was loaded, with one live round in the chamber and five rounds in the magazine. Viewed in the light most favorable to the prosecution, the evidence was sufficient to allow the jury to infer the requisite intent. Defendant was belligerent, expressed not just a desire but an intent not to go to jail, and then reached for a gun when he was told that he was under arrest. Officer Sekely testified that defendant was bringing the gun toward the officers. The fact that the officers successfully interceded and disarmed defendant at that point arguably eliminated the possibility that other types of supporting evidence would transpire, such as actually pointing the gun at Officer Sekely, putting his finger on the trigger, and attempting to fire. The fact that the officers acted quickly and were able to successfully protect themselves from harm should not weigh in defendant's favor.

Defendant points to evidence (particularly his own testimony) that his intent was to kill himself not the officers. It is not necessary for the prosecution to disprove every

> reasonable theory of innocence. . . . Moreover, "'[i]t is the jury's task to weigh the evidence and decide which testimony to believe.'". . . .
>
> Deferring to the jury's assessment of witness credibility, and viewing the evidence in the appropriate light, there was sufficient evidence presented for the court to deny defendant's motion for directed verdict, and there was sufficient evidence for the jury to conclude that defendant had the intent to kill Officer Sekely.

*Cloutier*, 2009 WL 1397147, at *1-3 (citations omitted).

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Troopers' testimony, and reasonable inferences therefrom, combined with the circumstances of the assault and Petitioner's use of a load gun, provided sufficient evidence to establish that Petitioner committed the crime and that he acted with the requisite intent to kill. The testimony of a victim alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).

Petitioner's insufficient evidence claim essentially challenges the credibility of the testimony and the inferences the jury drew from the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). Given the evidence at trial, a rational trier of fact could have found the elements of assault with intent to murder beyond a reasonable doubt. More importantly, for purposes of federal habeas review, the Michigan Court of Appeals' decision to that effect is not

unreasonable. Habeas relief is not warranted on these claims.

**B. Double Jeopardy Claim**

Petitioner also asserts that he is entitled to habeas relief because his convictions for both assault with intent to murder and felonious assault as to Trooper Sekely violate his state and federal constitutional right to be free from double jeopardy.

As an initial matter, the Court notes that Petitioner is not entitled to federal habeas relief on any claim that his assault with intent to murder and felonious assault convictions violate the Double Jeopardy Clause of the Michigan Constitution. In reviewing a habeas petition, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Estelle*, 502 U.S. at 67-68. Petitioner is thus not entitled to habeas relief based upon any perceived violation of the Michigan Constitution.

The Federal Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. The Double Jeopardy Clause provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). However, "a single

transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344, n. 3 (1981); *see also United States v.. Kuhn*, 165 F. Supp. 2d 639, 642 (E.D. Mich. 2001).

Federal courts determine whether two crimes constitute the same offense for double jeopardy purposes by applying the same-element test originally set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See United States v. Dixon*, 509 U.S. 688, 696 (1993); *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000). This test "inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696; *Blockburger*, 284 U.S. at 304; *United States v. Barrett*, 933 F.2d 355, 360 (6th Cir. 1991). "The Court focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction....If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Barrett*, 933 F.2d at 360-61 (internal citations and quotation marks omitted). The Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation. *See Dixon*, 509 U .S. at 696.

Citing *Blockburger*, the Michigan Court of Appeals denied relief on this claim, stating in pertinent part:

> As previously indicated, the elements of assault with intent to commit murder are: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *Brown, supra*. The elements of assault with a dangerous weapon (felonious assault) are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Avant*, 235 Mich App 499, 505, 597 NW2d 864 (1999), citing *People v. Davis*, 216 Mich App 47, 53, 549 NW2d 1 (1996). In order

> to sustain a charge of assault with intent to murder, the prosecution must prove that the defendant had an actual intent to kill that, if successful, would be murder. This element is not found in felonious assault. Further, for felonious assault, the prosecution must prove that the defendant had a dangerous weapon in order to be convicted. The defendant need not be armed with a dangerous weapon to be found guilty of assault with intent to murder. Therefore, because each charge requires proof of an element that the other does not, there is no double jeopardy violation.
>
> Moreover, considering the charges in question, the charge of assault with intent to commit murder focuses on punishing the defendant who intends to take the life of another. On the other hand, felonious assault seeks to punish the defendant who assaults another with a dangerous weapon, although it is not necessary for the assault to rise to the level of intending to take the life of another. Here, defendant has been charged and convicted for his actions of intending to kill Officer Sekely, and also for his actions of using a dangerous weapon to carry out the assault.

*Cloutier*, 2009 WL 1397147, at *3.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Applying the *Blockburger* test and considering the plain language of the state statutes, it is evident that the offenses of assault with intent to murder and felonious assault each contain an element that the other does not. Assault with intent to murder requires proof of the intent to kill, while felonious assault requires proof that the defendant used a dangerous weapon. Because the statutes at issue contain distinct elements, Petitioner's convictions for both assault with intent to murder and felonious assault as to Trooper Sekely do not violate double jeopardy. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for a writ of habeas corpus must therefore be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.

*See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id.* at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE



8-8-11